UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

TIVIA LEITH, et al.,

                            Plaintiffs,

      -against-

THE COUNTY OF NASSAU, et al.,

                            Defendants.
-------------------------------------------------------------------X

**MEMORANDUM & ORDER**
CV 22-6933 (GRB)(AYS)

**GARY R. BROWN, United States District Judge:**

In this action alleging false arrest and wrongful detention, the County of Nassau and individual defendant police officers K. Sovaras and Kathleen Reid move to dismiss the sixth cause of action[1] in the Second Amended Complaint, which purports to allege a cause of action under 42 U.S.C. § 1983 for "racial profiling and racial discrimination." Docket Entry ("DE") 34. The individual defendants contend that the complaint alleges insufficient factual material to plausibly state a claim of discrimination, while the County, in turn, argues that because the claim fails to adequately state a claim against the individual officers, the *Monell* claim against the County also fails. *Id.* Because plaintiffs have failed to plausibly allege facts supporting the sixth cause of action, the motion to dismiss is GRANTED.

    **Relevant Allegations**

Plaintiffs commenced this action by filing a Complaint in November 2022, an Amended Complaint shortly thereafter and, following a pre-motion conference concerning a proposed motion to dismiss, a Second Amended Complaint in April 2023. DE 1; DE 7; DE 21. In response

---

[1] The motion is extremely limited in scope. The parties have agreed to the voluntary dismissal of the seventh and eighth causes of action, which invoke the New York State Human Rights Law. DE 35-11 at 19. And the balance of plaintiffs' claims, concerning false arrest, false imprisonment and related matters, will proceed to discovery.

1

to defendants' argument that the Second Amended Complaint fails to adequately allege that racial discrimination was a motivating factor on the part of the defendant police officer in the traffic stop and arrest (on an expired bench warrant) underlying this matter, plaintiffs cite a set of allegations as "examples" of the factual underpinnings of their claim. *See* DE 35-11 at 14 (citing DE 21 ¶¶ 15-22, 71, 73-127, 142, 147,148, 151, 193).

In sum, plaintiff Leith alleges that, while driving home at about 5 p.m. on December 7, 2021, she saw defendant Sovaras[2] in his police car driving next to her. DE 21 ¶¶ 13-15. Defendant Sovaras then pulled behind plaintiff Leith's car, and after pacing her for a few minutes, pulled her over. *Id.* ¶ 17. When Sovaras approached plaintiff Leith's car window, Sovaras did not provide her with a reason for the stop and instead requested her license and registration. *Id.* ¶¶ 18-21. A few minutes later, Sovaras returned to plaintiff Leith's car and informed her that she "had an outstanding New York State warrant." *Id.* ¶ 22. Ultimately, plaintiff Leith was arrested and taken into custody. *Id.* ¶ 28. After eleven hours, she was released. *Id.* ¶ 51. Plaintiffs then conclusively claim that:

> Defendant County through Defendant K. Sovaras and Defendant Reid, intentionally targeted and racially profiled Ms. Leith on the basis of her being African American. Inexplicably, Defendants Sovaras did such under the guise of having a phantom state arrest warrant . . . .

DE 21 ¶ 71.

**Discussion**

*Standard of Review for 12(b)(6) Motions*

Motions to dismiss are decided under the well-established standard of review for such matters, as discussed in *Burris v. Nassau County District Attorney*, No. CV14-5540 (JFB)(GRB),

---

[2] Notably, plaintiffs appear to concede that they have no basis to argue defendant Reid's motivations were racially based. *Id.* at 17.

2017 WL 9485714, at *3-4 (E.D.N.Y. Jan. 12, 2017), *adopted by* 2017 WL 1187709 (E.D.N.Y. Mar. 29, 2017), and incorporated by reference herein. The gravamen of that standard, of course, is whether, assuming the allegations in the complaint to be true solely for the purposes of the motion, the complaint sets forth sufficient factual allegations to render the claims plausible.[5] *See id.* Notably, here, however, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

*Adequacy of the Allegations*

In a recent *en banc* decision, the Second Circuit noted that civil rights statutes reach "'only purposeful discrimination.' Therefore, to state a claim under either Section 1981 or 1982 a plaintiff 'must allege facts supporting [a defendant's] intent to discriminate against him on the basis of his race.'" *Francis v. Kings Park Manor, Inc.*, 992 F.3d 67, 80 (2d Cir. 2021) (citations omitted). Here, as to the individual officers, plaintiffs' effort fails.

In arguing that they have "adequately pled an intention to discriminate," plaintiffs rely heavily on the decision in *Dixon v. City of Syracuse*, 493 F. Supp. 3d 30 (N.D.N.Y. 2020). There, in a far more extreme factual situation (involving, *inter alia*, allegations of drawn weapons, a car chase and an extended vehicular and physical assault of a plaintiff by a special police unit with a developed reputation for targeting minority individuals), the district court found that plaintiffs had sufficiently alleged specific acts of excessive force *and* racial profiling that fit within a larger pattern of similar conduct. *See generally id.* Here, by contrast, plaintiffs' attempt to buttress conclusory allegations against the individual defendants with a purported statistical pattern of

---

[5] In this regard, the Court has not, and will not, consider the extraneous factual material submitted by defendants on this motion relating to various compliance programs implemented by the NCPD.

3

vehicular stops by Nassau County police officers reflecting "differential treatment of persons of color." *See* DE 35-11 at 16.

While the Second Amended Complaint's allegations of statistical racial disparities in traffic stops in Nassau County are concerning, these assertions do not establish a plausible factual basis for the allegation of racial bias as against the individual officers in these circumstances. According to the Complaint, plaintiff Leith was arrested based upon a bench warrant issued in late 2021, which turned out to be vacated or resolved. DE 21 ¶¶ 49-51. In other words, unlike *Dixon*, no pattern is alleged concerning the occurrences here that would further support a claim of racial animus by the individual defendants. There is no allegation, for example, that Nassau County police exhibited a pattern of utilizing expired or invalid court process to effect wrongful arrests. Moreover, there are no facts alleged specific to these circumstances, such as the use of racial slurs, that would form a basis for a plausible claim of animus by the individual officers. *See in contrast Ali v. Connick*, 136 F. Supp. 3d 270, 280 (E.D.N.Y. 2015) ("officers' use of racial epithets may be regarded as direct evidence of racial animus"). As plaintiffs have not provided any plausible factual allegations as to the motivations of the individual defendants, the motion to dismiss pertaining to the individual defendants must be granted.

This leaves only the *Monell* claim against Nassau County. While plaintiffs have set forth statistical allegations that could, under different circumstances, be considered in support of such a claim against the County, the failure to allege facts supporting individual liability defeats the municipal claim. "Statistics alone do not suffice to establish an individual disparate treatment claim for a very good reason: the particular plaintiff must establish *he* was the victim of racial discrimination." *Reynolds v. Barrett*, 685 F.3d 193, 202 (2d Cir. 2012) (citations omitted). As the Second Circuit explained:

> [P]roof of discriminatory intent is required to show a violation of the Equal Protection Clause. *City of Cuyahoga Falls,* 538 U.S. at 194, 123 S.Ct. 1389. Because neither a state nor a state official in his official capacity is a "person" within the meaning of § 1983, *see Will v. Mich. Dep't of State Police,* 491 U.S. 58, 71, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989), the requisite discriminatory intent must be held by the state official in his individual capacity. Thus, liability for an Equal Protection Clause violation under § 1983 requires personal involvement by a defendant, who must act with discriminatory purpose. *See Ashcroft v. Iqbal,* 556 U.S. 662, 676, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).

*Id.* at 204. Absent actionable allegations of discriminatory intent by the individual defendants, the claim against the County must also fail.

**Conclusion**

Based on the foregoing, defendants' motion to dismiss the sixth cause of action must be GRANTED in its entirety.

Plaintiffs have, at least implicitly, requested the right to replead. While such applications are granted liberally, they are routinely denied where repleading would be futile. In this case, the record reflects the filing of an initial complaint, two amended complaints and the previewing of supplemental allegations by plaintiff in response to the motion, none of which suffice to adequately plead the subject cause of action. Therefore, leave to replead is DENIED.

**SO ORDERED.**

Dated: Central Islip, New York
      October 25, 2023

/s/ Gary R. Brown
GARY R. BROWN
United States District Judge